IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### NOVEMBER TERM, 1891.

---

WALN, ADMINISTRATOR, v. J. OGDEN CUTHBERT, JR., AND PRISCILLA G. CUTHBERT.

1. Where there are two covenantees, the administrator of one of them cannot sue for breach of the covenant without showing in his declaration that the other covenantee is dead.
2. There were two executors and an executrix, and the former settled their accounts informally, out of court, with the latter, taking from her a covenant to indemnify them for all damages, claims, &c., in consequence of their assent to such settlement. *Held*, that a suit by such executrix to annul such agreement was not a breach of such covenant.

---

On demurrer to declaration.

Argued at June Term, 1891, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, VAN SYCKEL and GARRISON.

For the plaintiff, *John W. Wescott.*

For the demurrant, *Lewis Starr.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This case stands before us on demurrer.

The suit is for breach of a covenant, the instrument containing it being set out upon the record on demand of oyer. From the recitals of this agreement it appears that the defendant Priscilla G. Cuthbert, B. B. Thomas and Thornton Conrow were the executors of the estate of one Isaac Barber, and they agreed among themselves that there was coming from the estate to the said Priscilla certain sums of money and other interests, and the two executors, Thomas and Conrow, being desirous of saving to the said Priscilla the cost of filing and auditing said account in due form in court, settled with her their account thus informally stated; and in consideration thereof the said Priscilla, together with her surety, J. Ogden Cuthbert, Jr., entered into the stipulation that underlies this action, and which stipulation is in these words, viz.: "We hereby agree to hold harmless and indemnify the said B. B. Thomas and Thornton Conrow, executors aforesaid, from any damages, claim or demand which may be made upon them in consequence of their consent to relieve her or said estate of the expense of filing and auditing said accounts as required by law."

From this statement it is, at a glance, entirely clear that the present suit has no legal basis. As appears upon the record, this was a joint contract between two covenantees and two covenantors, and the plaintiff in this procedure is the administrator of one of such covenantees. He is described in the declaration as the administrator of Thornton Conrow, deceased, and no notice is taken of B. B. Thomas, the co-covenantee. The legal presumption is that this last-named person is still alive, and, consequently, the entire right of action on this deed is resident in him. By his own showing this plaintiff cannot assume the *attitude of actor in this litigation.*

It will be observed that this is not a case of nonjoinder. The surviving covenantee could not have been joined with

the personal representative of the deceased covenantee. The fatal error is that the declaration shows that the entire right of action is out of the plaintiff and is in the other covenantee, who must be presumed to be alive.

The legal rule on this subject is too well established to admit of discussion.

The remaining objection is the only one referred to in the brief of the counsel of the defendant, and it is directed to the gravamen of the plaintiff's case. It is this: that the declaration does not show any breach of the covenant in question. The supposed breach is assigned in these words, to wit: "That afterwards, &c., the said Priscilla and her son, William T. Barber, acting with her instructions, instituted a suit against said Thornton Conrow, in, &c., for the purpose of overthrowing said settlement and to compel him, the said Conrow, as executor of said Isaac Barber, deceased, to file, audit and settle his said accounts in the said court, contrary to the provisions of said agreement with said defendants. That after a protracted litigation, lasting about ten years, the said suit in said Orphans' Court, &c., was decided in favor of the said Thornton Conrow, and the said settlement and agreement made between him and the said defendants, &c., upheld. That by reason of said suit the said Thornton Conrow, in his lifetime, and, since his decease, his administrators, have suffered great damages, costs and expenses," &c.

It will be observed that the litigation here stated relates to the legality, or *bona fides*, of the contract containing the covenant of indemnification. That was the point of controversy. The liability to account in court rested, as between these parties, exclusively on the ascertainment of the fact whether or not the deed in question was obligatory. Therefore, the question now presented is, whether the litigation arising out of the endeavor to destroy the contract be a violation of the clause for indemnification.

It seems to me that it cannot have that effect. The agreement is to save the covenantees harmless " from any damages, claim or demand which may be made upon them in conse-

quence of their consent" to abstain from a judicial settlement of their accounts, and the expenses arising from the assault on the legal existence of the contract itself did not constitute either such damages, claim or demand. It is only things that flow directly—that is, as effects from their cause—that are within the scope of the indemnification. The legality or honesty of the agreement to refrain from settling the accounts before the court is an entirely different affair from the effect of the agreement if valid. The damages, claims or demands specified in the covenant are those that might result from the legal existence, as between the contracting parties, of the stipulation in regard to the accounts, and not such as might proceed from the endeavor, on the one side or the other, to put such stipulation out of existence. Indeed, the purpose of the covenant in suit seems clear. It was to provide against the obvious danger to these executors from the making of this irregular settlement, in view of the circumstance that other creditors might cite them before the court to settle their accounts, whereby the arrangement with the defendant might be overhauled and they might be subjected to costs and other losses. But these parties did not contemplate, and, therefore, did not provide against the consequences of a controversy arising between themselves touching the legality of their agreement. There is no indemnification with respect to such consequences.

The defendant is entitled to judgment, &c.